IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL MASSEY | § | |
| Plaintiff, | § § § | |
| VS. | § | Case No. 4:14CV814 |
| SELECT PORTFOLIO SERVICING, INC. | § § § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant's Motion to Dismiss (Dkt. 6). As set forth below, the Court finds that the motion should be GRANTED.

Plaintiff's Original Verified Petition – which has not been amended since removal – asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §1692g, regarding the real property located at 5976 Temple Drive, Plano, Texas 75093 ("the Property"). *See* Dkt. 4. According to Plaintiff's petition, Defendant claims to be the servicer of the debt with the rights to foreclose on the Property.[1] Plaintiff also pleads in the alternative that he believes that Defendant is not vested with any ownership interest in the note and deed of trust pertaining to the Property, making the deed of trust void and unenforceable. Plaintiff also seeks a restraining order stopping foreclosure on the Property.

---

[1] The Court notes that it has previously recommended dismissal without prejudice of Plaintiff's claims against Defendant Select Portfolio, as well as Wells Fargo Bank, N.A., in cause number 4:14cv552, RAS-DDB. That recommendation is currently pending before the District Judge. Since it was a recommendation of dismissal without prejudice, and, since this suit was filed after the recommendation was entered, the Court proceeds herein.

1

In its motion, Defendant Select Portfolio Servicing, Inc. argues that Plaintiff has not asserted any facts to support a claim under the Federal Fair Debt Collection Practices Act ("FDCPA") because it is not a "debt collector." In addition, SPS asserts that Plaintiff has not alleged sufficient facts to support a claim for injunctive relief.

Plaintiff has filed a response in opposition to the motion to dismiss, and Defendant has replied.

### STANDARD

When reviewing a case under Rule 12(b)(6) of the Federal Rules of Civil Procedure to determine whether a plaintiff has stated a claim, the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). Fraud claims must also meet the heightened pleading standard of Rule 9(b), under which "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).

## ANALYSIS

The Court first addresses whether a claim under FDCPA has been stated. Generally, "mortgage lenders are not 'debt collectors' within the meaning of the FDCPA." *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. App'x 424, 428, (5th Cir. 2012) (citing *Williams v. Countrywide Home Loans, Inc.,* 504 F. Supp.2d 176, 190 (S.D. Tex. 2007) *aff'd,* 269 Fed. App'x 523 (5th Cir. 2008)). The same is true for mortgage servicing companies. *See Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp.2d 451, 456 (E.D. Tex. 2011). In fact, the FDCPA expressly excludes from its definition of debt collector: "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt

which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). As noted by the Fifth Circuit, "this FDCPA exclusion encompasses mortgage servicing companies and debt assignees as long as the mortgage was not in default at the time it was assigned by the originator." *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 723 (5th Cir. 2013) (alterations, citations and quotations omitted).

Here, Plaintiff's petition alleges that "Defendant and its foreclosure agents, the law firm of Shapiro Schwartz, LLP, are each 'debt collectors' as that term is defined under federal law." Dkt. 4 at ¶9. No further facts are stated as to how Defendant qualifies as a debt collector.

Defendant argues that it cannot be a debt collector under the FDCPA because Plaintiff has not alleged any facts to suggest that the loan was in default at the time it was assigned or at the time Defendant obtained servicing rights to the loan. The Court agrees.

The Court notes that Plaintiff's response to the motion to dismiss argues that Defendant did not "come to service Plaintiff's loan until after it had gone into default." Dkt. 9 at 2. This, however, is not alleged in Plaintiff's petition. The Court gave Plaintiff leave to amend his complaint prior to addressing the arguments in the motion to dismiss. *See* Dkt. 14. No amended pleading was filed. Plaintiff's claim that Defendant is a "debt collector" does not go beyond mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do" and is simply not enough to state a plausible claim. *Twombly*, 550 U.S. at 555. Therefore, the Court finds that Plaintiff's live complaint fails to state a claim upon which relief can be granted.

Moreover, Defendant argues that, even if Defendant could be treated as a debt collector based on the allegations in his petition, the only alleged violations of the FDCPA made in the complaint

are against Shapiro Schwartz, LLP, Defendant's attorney, and no such claims of vicarious liability are recognized under the FDCPA. *See Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) *aff'd*, 269 Fed. Appx. 523 (5th Cir. 2008). Plaintiff has not replied to this argument, distinguished the cited authority, or otherwise shown how his original petition states an FDCPA violation by Defendant.

The Court agrees that Plaintiff's petition fails to state sufficient facts that would show that Plaintiff's mortgage was assigned to Defendant after Defendant was in default, nor does Plaintiff allege facts that would sufficiently show an FDCPA violation by Defendant. Precedent is clear that this is the narrow circumstance under which the FDCPA applies to mortgage loans. As such, the FDCPA claim should be dismissed.

As to any challenges by Plaintiff to Defendant's authority to foreclose, it is also well-settled that a party need not prove ownership in the note to foreclose. *Martins v. BAC Home Loans, Servicing, LP*, 722 F.3d 249, 254-255 (5th Cir. 2013). Plaintiff has not cited any authority or made any additional or specific argument in his response regarding Defendant's authority to foreclose. Any claims based on Plaintiff's argument that "the note secured by the deed of trust has been discharged" should also be dismissed.

Finally, because Plaintiff has not shown a likelihood of success on the merits of his FDCPA claims, there is no basis for injunctive relief regarding Plaintiff's request to stop any foreclosure on the Property.

For these reasons, the Court recommends that Defendant's Motion to Dismiss (Dkt. 6) should be GRANTED and that Plaintiff's claims should be dismissed for failure to state a claim.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 28th day of April, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE